UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-0717-MTS ) |
| ANGELINA KATARZYN TWARDAWA, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs Regions Equipment Finance Corporation and Regions Commercial Equipment Finance, LLC moved the Clerk of Court to enter Default against Defendant Angelina Katarzyn Twardawa after Defendant failed to file any response to the Complaint in this matter or otherwise appear. Doc. [11]. After the Clerk of Court entered Defendant's default, Doc. [12], Plaintiffs filed the instant Motion for Default Judgment. For the reasons explained herein, the Court will grant Plaintiffs' Motion and enter a Judgment by Default in Plaintiffs' favor in the amount of $1,639,951.13.

\* \* \*

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)). After the Clerk of Court enters default pursuant to Federal Rule of Civil Procedure 55(a), the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th

Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6).  A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)); *cf. In re SuperValu, Inc.*, 870 F.3d 763, 772 (8th Cir. 2017) (explaining that legal theories need not even be set out in a complaint).

Once the court determines the plaintiff stated a legitimate cause of action on a claim for an uncertain amount of damages, Federal Rule of Civil Procedure 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment."  Fed. R. Civ. P. 55(b)(2).  Whether an evidentiary hearing is necessary to determine the amount of plaintiff's damages is a decision committed to the sound discretion of the district court.  *See KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) (explaining the "need for a hearing is within the sound discretion of the district court").

Upon review of the Complaint and Plaintiffs' Motion for Entry of Default Judgment, along with its exhibits, the Court concludes that entry of a default judgment is appropriate because the unchallenged facts in Plaintiffs' Complaint constitute a legitimate cause of action of guaranty under Missouri law.  *See Labantschnig v. Royal Gate, Inc.*, 702 S.W.3d 480, 489 (Mo. Ct. App. 2024) (discussing what a plaintiff must plead and prove to recover on guaranty under Missouri law); *see also* 35 Robert H. Dierker & Richard J. Mehan, *Missouri Practice Series: Contracts, Equity, & Statutory Actions Handbook* § 13:2 (Apr. 2025 ed.) (discussing same).  Plaintiffs' evidence shows that they are entitled to $1,625,502.17, which consists of

the outstanding principal balance of $1,362,022.12, accrued but unpaid interest of $137,670.50, penalties and late charges of $50,285.89, and attorneys' fees and costs of $75,523.66.[*]  In addition, Plaintiffs have shown that they are entitled to $249.12 in prejudgment interest for every day after August 20, 2025, through the date this Judgment, which totals $14,448.96.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' unopposed Motion for Default Judgment, Doc. [16], is **GRANTED**.  The Court will enter herewith a Judgment awarding Plaintiffs a total of one million six hundred thirty-nine thousand nine hundred fifty-one dollars and thirteen cents ($1,639,951.13).

Dated this 17th day of October 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] The guaranty agreement at issue provides for attorneys' fees, Doc. [1-2] at 2, and the unrebutted evidence has shown they are reasonable, *see Howard Const. Co. v. Teddy Woods Const. Co.*, 817 S.W.2d 556, 563–64 (Mo. Ct. App. 1991) (Fenner, J.) (discussing factors to consider when determining the reasonable value and amount of attorney fees recoverable). *See also Witte Bros. Exch., Inc. v. Superlatus PD Holding Co.*, 4:24-cv-1184-MTS, 2025 WL 2851922, at *2 (E.D. Mo. Oct. 8, 2025) (explaining that a plaintiff seeking default judgment for contractual reasonable attorneys' fees must provide evidence so the court can consider whether the requested fees are reasonable under the circumstances).